**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

OTU A. OBOT,

       Plaintiff,[1]

       v.

INTERNAL REVENUE SERVICE,

       Defendant.
_____

16-CV-114-A
**DECISION AND ORDER**

       This case is before the Court on the Defendant's motion to dismiss the _pro se_ complaint for lack of subject-matter jurisdiction, insufficient process, and insufficient service of process, pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), and (5).

       Liberally construed, the complaint (1) seeks a refund of taxes, interest, and penalties the Plaintiff claims the IRS has assessed against him at various times dating back to 1999; (2) claims that the IRS has wrongfully levied his Social Security benefits; and (3) seeks to enjoin the IRS from continuing to assess or collect similar taxes and penalties.  For the reasons stated below, the Court lacks subject-matter jurisdiction over the Plaintiff's claims.  The Defendant's motion to dismiss for lack of subject-matter jurisdiction is therefore granted.[2]

---

[1]  The complaint identifies both Carol O. Obot and Otu A. Obot as plaintiffs.  The pleadings in this case, however, have been signed only by Otu A. Obot, who is proceeding _pro se_.  Ms. Obot has not signed any pleadings, and no attorney has entered an appearance on her behalf.  Ms. Obot must proceed in this case either personally or through an attorney.  _See_ 28 U.S.C. § 1654.  The Court therefore construes the complaint as being brought only by Otu A. Obot.

[2]  Because the Court lacks subject-matter jurisdiction over this case, the Court need not address the Defendant's motions to dismiss for insufficient process or insufficient service of process.  Likewise, the Plaintiff argues that he is entitled to default judgment and that the Defendant's motion to dismiss was untimely.  _See_ Docket No. 9.  Even if these arguments had merit (and the Court does not suggest that they do), a court may not enter default judgment in a case over which it lacks subject matter jurisdiction, and a motion to dismiss for lack of subject-matter jurisdiction may be brought at any time.  _See Saunders v. Morton_, 269 F.R.D. 387, 393 (D. Vt. 2010) ("The Court has authority to enter judgment only on those claims

### A. Refund claims

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued,[] and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (quotation marks omitted). The United States has waived its sovereign immunity—and, thus, a federal district court has subject-matter jurisdiction—over claims "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive in any manner wrongfully collected under the internal revenue laws." 28 U.S.C. § 1346(a)(1).

But this grant of subject-matter jurisdiction is conditioned on, among other things, a taxpayer first "duly fil[ing]" with the IRS "a claim for refund or credit." I.R.C. § 7422(a). A "failure to satisfy th[is] prerequisite[] for initiating a refund suit . . . deprive[s] a district court of subject matter jurisdiction over any such refund action . . . regardless of the suit's potential merits." *United States v. Forma*, 42 F.3d 759, 763-64 (2d Cir. 1994). And a taxpayer's compliance with "the . . . requirements set forth in [I.R.C.] § 7422(a) and its accompanying regulations" must be pleaded in the taxpayer's complaint—that is, his complaint must "specify . . . facts that could plausibly constitute the basis of a claim for a refund." *Donnelly v. United States*, 550 F. App'x 54, 54 (2d Cir. 2014).

Nothing in Plaintiff's complaint—even when it is read in the charitable light to which *pro se* litigants are entitled—plausibly suggests that the Plaintiff filed a refund claim with

---

over which it has subject matter jurisdiction."); Fed. R. Civ. P. 12(h)(3). *See also* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.")

the IRS before bringing this case.  He has, therefore, not shown that he has complied with § 7422(a), and the Court accordingly lacks subject-matter jurisdiction over Plaintiff's refund claims.

### B.  Wrongful levy claims

A federal district court has subject-matter jurisdiction over a wrongful-levy claim brought by "any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property."  I.R.C. § 7426(a).  This waiver of sovereign immunity is, therefore, limited to suits brought by a person other than the taxpayer whose property has been levied.  *See, e.g.*, *Hynard v. IRS*, 233 F. Supp. 2d 502, 511 (S.D.N.Y. 2002).

Here, however, the complaint alleges that the Plaintiff—not someone else—is the person whose property has been levied.  The Plaintiff has therefore not established that his wrongful levy claim falls within a waiver of the United States' sovereign immunity.  As a result, he has not established that the Court has subject-matter jurisdiction over his wrongful levy claims.

### C.  Claim for an injunction

Finally, the Plaintiff seeks an injunction against further allegedly improper tax assessments.

The Anti-Injunction Act provides, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  This language "could scarcely be more explicit."  *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974).  Its purpose is "to protect[] . . . the

Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'"  *Id.* (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)).  In other words, the Plaintiff may not seek an order enjoining the collection of taxes.  Instead, the Anti-Injunction Act provides that the Plaintiff must first pay his taxes and then sue for a refund.

When the Anti-Injunction Act applies, as it does here, courts lack subject matter jurisdiction over a taxpayer's request for injunctive relief.  *See Biegeleisen v. Ross*, 164 F.3d 617, at *1 (2d Cir. 1998) (table decision); *Johnson v. United States*, 680 F. Supp. 508, 512 (E.D.N.Y. 1987) ("If an action is barred by the Anti-Injunction Act the district court lacks subject matter jurisdiction and the complaint must be dismissed.").  *See also Obot v. IRS*, 12-CV-1053-RJA-LGF, 2013 WL 6490256, at *3-4 (W.D.N.Y. Sept. 26, 2013) (in nearly identical case, explaining why exceptions to Anti-Injunction Act do not apply).  The Court therefore lacks subject-matter jurisdiction over any claims for an injunction against the future collection of taxes.

### D.  Leave to amend

A court typically "should not dismiss" a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks and citation omitted).  But if "the problem" with a complaint is "substantive," such that "better pleading will not cure it," "[r]epleading would . . . be futile," and a *pro se* plaintiff need not be provided leave to amend.  *Id.*

Leave to amend would be futile in this case. The Plaintiff's claims for a wrongful levy and an injunction cannot be remedied by better pleading. His refund claims could possibly be saved by better pleading, but the Plaintiff has previously been warned of § 7422(a)'s exhaustion requirements and has nonetheless failed in this case to show that he complied with those requirements. *See Obot v. IRS*, 12-CV-1053-RJA-LGF, 2013 WL 6490256, at *2-3 (W.D.N.Y. Sept. 26, 2013). There is, therefore, no reason to suspect that granting leave to amend would result in refund claims over which the Court has subject-matter jurisdiction. Leave to amend is therefore denied.

### E. Sanctions warning

This is the third time the Plaintiff has sued the IRS in this Court. *See Obot v. IRS*, 12-cv-1053-RJA-LGF; *Obot v. IRS*, 90-cv-1299-JTE. The Plaintiff's second lawsuit sought largely the same relief as this one, and it was dismissed for largely the same reasons that this one is being dismissed.[3] *See id.* Docket No. 10. Federal courts have limited resources, and the need to dismiss complaints raising meritless claims burdens this (or any) Court's ability to efficiently administer justice.[4]

At present, the Court is not considering imposing a filing injunction against the Plaintiff. The Plaintiff is advised, however, that, if he continues to file complaints against the IRS that are similar to the one he filed in this case, the Court will strongly consider

---

[3] The Plaintiff's first lawsuit against the IRS, 90-cv-1299-JTE, was ultimately dismissed as moot, although the IRS in that case also moved to dismiss—as it does here—for lack of subject-matter jurisdiction. *See Obot v. IRS*, 1991 WL 129800, at *1 (W.D.N.Y. June 30, 1991).

[4] In deciding that it is appropriate to issue a sanctions warning for future cases against the IRS, the Court has considered the fact that the Defendant has brought a variety of lawsuits in this Court, all of which appear to have been dismissed. *See Emerald Int'l Holdings Ltd. v. Verizon*, 16-CV-978-A; *Obot v. Navient*, 16-cv-102-RJA; *Obot v. Bailey*, 13-cv-780-RJA; *Obot v. Sallie Mae*, 13-cv-656-RJA-HKS. *See also Obot v. Verizon Commcs.*, 16-CV-894-A, Docket No. 14 (granting motion to dismiss for lack of subject-matter jurisdiction but granting leave to amend, even though "[i]t is difficult to see how a liberal reading of the complaint in this case might establish subject-matter jurisdiction").

directing the Plaintiff to show cause why he should not be enjoined from filing similar complaints in the future. *See generally Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23-25 (2d Cir. 1986); *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).

## CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss for lack of subject-matter jurisdiction (Docket No. 6) is granted. The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**


Dated: March 6, 2018          ___*s/Richard J. Arcara*_____
      Buffalo, New York          HONORABLE RICHARD J. ARCARA
                                  UNITED STATES DISTRICT JUDGE